**ÆTNA CASUALTY & SURETY CO. v. HOWELL et al.**

**No. 8976.**

Circuit Court of Appeals, Fifth Circuit.

Dec. 16, 1939.

James S. Bussey and Edwin D. Fulcher, both of Augusta, Ga., for appellant.

J. J. Willingham, of Augusta, Ga., and Randall Evans, Jr., of Thomson, Ga., for appellees.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

This is a suit for a declaratory judgment brought by the Aetna Casualty & Surety Company, appellant, against R. L. Howell, S. D. Walker and Connell Durham, to determine its liability under a policy issued to Howell, doing business under various trade names, including Howell Lumber Co., and covering a one and a half ton Ford truck and trailer.

The policy, which was annexed to the complaint, obligates the insurer to pay, on behalf of the insured, damages for bodily injuries sustained by any person or persons caused by accident and arising out of the ownership, maintenance or use of the truck and trailer, with certain exceptions, and to defend suits brought against the insured to recover such damages.

It appears that on July 3, 1937, a load of lumber was being transported from a sawmill, operated by Walker, to Thomson, Ga. Walker was riding on the truck, owned by Howell, and with Durham, who was employed by Howell to assist the driver, endeavored to tighten a chain holding lumber on the truck. An accident occurred, by which Walker and Durham sustained injuries, based upon which they are asserting claims for damages against Howell, who in turn, contends the accident was covered by the policy.

The policy contained the following provisions:

"Declarations:

"1. Name of Insured: R. L. Howell &/as Nehi Bottling Co. &/or Howell Candy Co., &/or Howell Lumber Co. and as Agent for Standard Oil Co., Thomson, Ga.

* * *

"The Occupation of the named Insured is Owner and operator of bottling, candy, farming, etc.

"5. The purposes for which the automobile is to be used are Pleasure and Business and Commercial.

"(a) The term 'pleasure and business' is defined as personal, pleasure, family and business use. (b) The term 'commercial' is defined as the transportation or delivery of goods, merchandise or other materials, and uses incidental thereto, in direct connection with the named Insured's business occupation as expressed in Declaration 1. (c) Use of the automobile for the pur-

poses stated includes the loading and unloading thereof."

\* \* \*

"II. Policy Period, Territory, Purposes of Use.

"This policy applies only to accidents which occur during the policy period, while the automobile is within the United States \* \* \* and is owned, maintained and used for the purposes stated as applicable thereto in the declarations.

\* \* \*

"Exclusions

"This policy does not apply:

"(a)   while the automobile is used in the business of demonstrating or testing, or as a public or livery conveyance, or for carrying persons for a consideration, or while rented under contract or leased, unless such is specifically declared and described in this policy and premium charged therefor;

"(e)   to bodily injury to or death of any employee of the Insured while engaged in the business of the Insured, other than domestic employment, or in the operation, maintenance or repair of the automobile; or to any obligation for which the Insured may be held liable under any workmen's compensation law: \* \* \* "

The complaint alleged that both Walker and Durham were employees of Howell engaged in the operation, maintenance and repair of the automobile and, by virtue of the above quoted provision, Exclusions (e) were not covered by the policy. All the defendants answered.

On the trial of the case appellant introduced the policy and the answer of Howell in evidence and put Howell and Walker on the stand. This evidence tended to show, without contradiction, that the employees of Howell engaged in each business he conducted were separate and distinct and none of them was employed in the other three businesses; that prior to the issuance of the policy Howell Lumber Company had ceased to manufacture lumber and had rented its sawmill to Walker, who operated the sawmill independently of Howell or Howell Lumber Co. and solely for his own benefit; that the rent of the sawmill was fixed at $2 per thousand feet of lumber manufactured; that Howell had on hand three trucks and trailers formerly used in the manufacturing lumber business and proceeded to operate these trucks in a general hauling business for the public; that

Walker was under no obligation to use these trucks but did so, paying $1.50 per thousand feet of timber transported, the same price as was charged to the public; that at the time of the accident Walker was operating the sawmill on the Boyd Tract and had purchased the timber on that tract from Howell, to be paid for from time to time on a stumpage basis of $3.00 per thousand feet; that all the lumber manufactured by Walker was hauled from the mill to Knox Bros. Lumber Co. at Thomson, Georgia, where it was measured by Knox Bros.; that after deducting rent of the mill, hauling charges and cost of the timber, the balance of the value of the lumber was paid to Walker as his profit. No other evidence was offered by either side.

After the testimony was in, appellant offered an amendment, alleging that at the time of the accident the truck was rented or leased to Walker and such use was not specifically declared or described in the policy nor was any premium charged therefor. The court declined to allow the filing of this amendment.

■   The court found that the exclusion clause (e) contained two exceptions, one being "domestic employment" and the other "employment in the operation, maintenance and repair of the automobile." We disagree with that ruling. We do not find the clause ambiguous. The clause "other than domestic employment" set off by commas, is parenthetical, solely of itself and should not be coupled with what follows. Omitting it, the exclusion clause plainly means the policy does not apply to bodily injury or death of any employee of the insured while engaged in the business of the insured or while engaged in the operation, maintenance or repair of the automobile.

The court also found that Howell was still engaged in the manufacturing lumber business, having his timber cut and manufactured by Walker; and that when the accident occurred the lumber was being hauled for the account of Howell. We find nothing in the evidence to support this conclusion.

■ ■   The case was tried before the new rules of civil procedure became effective. 28 U.S.C.A. following section 723c. However, under Equity Rules 19 and 20, 28 U.S.C.A. following section 723, the court may at any time, in furtherance of justice, permit any pleading to be amended. Trial amendments are usually allowed to conform the pleadings to the proof. The paramount.

issue to be decided was whether the truck was covered by the policy at the time of the accident. General relief was prayed for and the entire policy was before the court. The amendment did not change the issues. It was an abuse of discretion to deny leave to file the amendment under the circumstances disclosed. Taylor v. Spurway, 5 Cir., 72 F.2d 97. It is unnecessary to decide other points raised by appellant.

The judgment appealed from is reversed with instructions to permit the amendment, upon such terms as may be just, and for further proceedings consistent with this opinion.