### No. 8503.

Circuit Court of Appeals, Sixth Circuit.

March 14, 1940.

## MARYLAND CASUALTY CO. v. STOCKSTILL.

### No. 9203.

Circuit Court of Appeals, Fifth Circuit.

May 2, 1940.

Dempsey & Dempsey, of Cincinnati, Ohio, for appellant.

J. E. Rappoport, of Cincinnati, Ohio, for appellee.

Before ALLEN, HAMILTON, and ARANT, Circuit Judges.

R. A. Wallace, of Gulfport, Miss., for appellant.

F. C. Hathorn and E. B. Williams, both of Poplarville, Miss., and R. W. Thompson, Jr., of Gulfport, Miss., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Maryland Casualty Company issued its automobile public liability insurance policy to G. H. Williams, a distributor of petroleum products. The policy covered an oil tank truck used by Williams in his business. On December 23, 1936, and while the insurance policy was in full force and effect, Harry Stockstill, an employee of Williams, was injured while operating the truck in the discharge of his duties. Stockstill brought suit and recovered a judgment in the state court against his employer, Williams. Thereafter he brought suit in the United States District Court seeking a judgment requiring Maryland Casualty Company to pay and satisfy the judgment he had recovered against Williams in the state court. The cause was tried by the court without a jury and from a judgment for the plaintiff the Maryland Casualty Company has appealed.

Decision turns upon paragraph (e) of the exclusion provisions of the policy which reads as follows: "This Policy Does Not Apply: * * * (e) under coverage A, to bodily injury to or death of any employee of the insured while engaged in the business of the insured, other than domestic employment, or in the operation, maintenance or repair of the automobile; or to any obligation for which the insured may be held liable under any workmen's compensation law; * * *."

It is without dispute that Stockstill was injured while engaged in the operation of the automobile. The appellee contends that the judgment of the District Court was right, and that Exclusion Clause (e) did not exclude employees engaged in the operation, maintenance, or repair of the automobile.

We are familiar with the decisions of the Supreme Court of Mississippi which announce that the rule of interpretation of contracts of insurance of all kinds is that, in cases of doubt, that interpretation shall be given which favors the insured rather than the insurer. Boult v. Maryland Casualty Company, decided April 19, 1940, 5 Cir., 111 F.2d 257, and cases cited. This is not a case for the application of that rule. In the recent case of Aetna Casualty & Surety Company v. Howell et al., 5 Cir., 108 F.2d 148, this court had occasion to consider a policy containing an exclusion clause identical with Exclusion Clause (e) of the policy now before us. In that case the lower court found that Exclusion Clause (e) contained two exceptions, one being "domestic employment", and the other "employment in the operation, maintenance and repair of the automobile." In reversing the case this court said, "We do not find the clause ambiguous. The clause 'other than domestic employment' set off by commas, is parenthetical, solely of itself and should not be coupled with what follows. Omitting it, the exclusion clause plainly means the policy does not apply to bodily injury or death of any employee of the insured while engaged in the business of the insured or while engaged in the operation, maintenance or repair of the automobile." We adhere to our former holding that the clause is not ambiguous.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.