THE FIRST PYRAMID LIFE INS. CO. OF AMERICA
*v.* Mary Holt THORNTON

5-5574                                            467 S. W. 2d 381

Opinion delivered May 17, 1971
[Rehearing denied June 21, 1971.]

*W. B. Brady,* for appellant.

*Allen, Young & Bogard,* for appellee.

Lyle Brown, Justice. Appellant issued a group life insurance policy in favor of the employees of Associated Grocers of Arkansas. Appellee's husband was an insured under the policy and appellee was the beneficiary. The policy provided for an $8,000 ordinary life benefit and

an additional $8,000 accidental death benefit. The insured, who was an accountant for Associated Wholesale Grocers of Arkansas, fell from the steps of his place of employment while on his way home after work. The injuries sustained proved fatal. Appellant paid the standard $8,000 ordinary life benefit but refused to pay the accidental death benefit by reason of the following policy exclusion:

Limitations Applicable to Accidental Death and Dismemberment Insurance. Benefits shall not be payable for any loss to which a contributing cause is: . . . (f) injury arising out of or in the course of any employment for wage or profit.

Appellee filed suit for the accidental death benefit. Appellant answered and appellee filed a motion for summary judgment. Both parties submitted affidavits and attached letters for the trial court's consideration. (An affidavit and attached letter from the workmen's compensation carrier of Associated Wholesale Grocers of Arkansas indicated that the carrier had voluntarily paid compensation to appellee for the death of her husband.) The trial court granted the motion for summary judgment and awarded appellee the $8,000 accidental death benefit together with 12% statutory penalty and attorney's fees.

It should be noted at the outset that appellant does not contend that this is not a proper case for summary judgment. "We have many times held that points not argued in the brief are waived." *Gordon* v. *Street Imp. Dist. No. 1 of Gillett,* 242 Ark. 599, 414 S. W. 2d 628 (1967).

Appellant argues *first* that the insured's death arose out of or in the course of his employment for wages and that the accidental death benefit is therefore excluded under the terms of the policy, *second* that appellee is estopped by her own and her attorney's actions (with respect to workmen's compensation) from denying that the insured died from an injury arising out of or in the course of his employment for wages, and *third*

that the policy exclusion in question is not ambiguous. Each of appellant's points for reversal is bottomed on the premise that the life insurance policy was provided to supplement workmen's compensation and therefore we should apply our workmen's compensation decisions in interpreting the exclusionary clause. We do not take that view of the life policy. The exclusion does not specifically state that an accidental death which is covered by workmen's compensation is excluded, which could easily have been done. Neither does the exclusion use the language of the workmen's compensation statute. That statute makes compensable an accidental death which arises out of *and* in the course of employment while the exclusion in question excludes coverage on an accidental death which either arises out of *or* in the course of employment. Obviously, a situation might occur in which the employee might meet only one of the requirements needed to come under workmen's compensation and yet because he met that one requirement he would be excluded from coverage under the accidental death policy exclusion in question. Because the exclusion neither specifically states that it is dependent on workmen's compensation coverage nor uses the language of the workmen's compensation statute, we must view the exclusion in question as we view other exclusions to coverage provided in insurance contracts. *Brinkmann* v. *Liberty Mutual Fire Ins. Co.*, 403 P. 2d 136 (Calif. 1965).

The standards of interpretation require us to strictly interpret the exclusion to the coverage and resolve reasonable doubts in favor of the insured who had no part in the preparation of the contract. *Benham* v. *American Central Life Ins. Co.*, 140 Ark. 612, 217 S. W. 462 (1919). "Liability for accidental death will not be destroyed by the language of an exception unless clear and free from reasonable doubt, and an ambiguity contained in an exception must be resolved against the insurer." 13 Appleman, Insurance Law and Practice, § 7427 (1943). "A condition tending to defeat a policy must be expressed or so clearly implied that it cannot be misconstrued." 1 Couch on Insurance, § 15:92 (2d ed. 1959).

Applying the recited standards of interpretation to the exclusion in question, we find that the trial court was correct in finding that the insured was covered by the policy and not excluded by the attempted limitation to the principal accidental death coverage. When we strictly construe exclusion (f), we believe that it is a reasonable interpretation to put upon the language that the insured's injury and subsequent death did not arise out of or in the course of any employment for wage or profit. When the injury occurred the insured had finished his work for the day. He was on the steps of his place of employment and on his way to the parking lot to drive his automobile home. Under those undisputed facts, the trial court was correct in finding that the injury did not arise out of the employment and was not in the course of his employment for wages or profit.

The question as to whether appellee was estopped by accepting the workmen's compensation benefits is not involved in light of our view of the exclusion in question.

Affirmed.