## SECURITY INS. CO. OF HARTFORD *v.* WILLIAM MAURICE OWEN ET AL

5-5794                                    480 S.W. 2d 558

Opinion delivered May 29, 1972

*Bridges, Young, Matthews & Davis,* for appellant.

*Jones & Matthews,* for appellees.

CONLEY BYRD, Justice. Appellant Security Insurance Company of Hartford had issued to W. H Marks an automobile liability insurance policy with limits of $50,000 for each person and also a Farmer's Comprehensive Personal Liability policy with limits of $25,000 for each person. As a result of an injury received by William Maurice Owen on August 7, 1965, when he was 16 years of age, a judgment was entered against Marks in favor of appellees William Maurice Owen and his father, Maurice Owen, in the total amount of $34,250. Appellant paid the policy limits under its Farmer's Comprehensive Personal Liabi-

lity but denied coverage under the automobile liability policy because of the following exclusion:

"This policy does not apply:

. . .

(d) under coverage A to bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the course of (1) domestic employment by the insured, if benefits therefor are in whole or in part either payable or required to be provided under any Workmen's compensation law, or (2) other employment by the insured."

The jury found the issues in favor of appellees and a judgment in the total amount of $14,091 including penalty and attorney's fees was entered. For reversal appellant contends that Instructions 6 and 8 were erroneous and that the court erred in refusing its requested Instructions 9 and 11.

The record shows that young Owen's grandfather and Mr. Marks were good friends. As such they used the same duck club and on occasions young Owen was permitted to hunt at the duck club. On the day in question Mr. Marks was using his pickup truck to pull a tractor and "bush hog" to the duck club. This required a person to ride on the farm tractor to guide and brake the tractor when appropriate to prevent the tractor from colliding with the truck. When the regular tractor driver did not show up, Mr. Marks asked young Owen to ride on the farm tractor. While enroute to the duck club an accident occurred which resulted in the judgment against Marks.

At the trial young Owen testified that Mr. Marks had never paid him any compensation or told him that he would be working for him. Admittedly he admired his grandfather's friend and of course followed any directions that Mr. Marks gave him.

Mr. Marks testified that he did not pay young Owen by check during the entire year 1965, and did not make any income tax deduction for anything paid. He may

have paid him something out of his pocket but he sometimes worked without pay. He had intended to pay the boy on the day in question but had not told the boy so. The boy did not ask for pay—he got to go hunting down there.

Appellant introduced some signed statements by both young Owen and Mr. Marks to the effect that young Owen was to be paid $7.50 for his day's work. While the statements are rather cogent evidence, there is other evidence in the record that insinuates that perhaps appellant's adjuster had suggested to the parties that Mr. Marks had no coverage unless young Owen could be classified as an employee under the Farmer's Comprehensive Liability Policy.

Instruction No. 6 given by the court provided:

"Contracts of insurance should receive reasonable construction so as to effectuate the purposes for which they are made."

Instruction No. 7 provided:

"If the terms used in an insurance policy are clear, they are to be taken and understood in their plain, ordinary and popular sense."

Instruction No. 8 provided:

"If the language used in an insurance policy is not clear, and reasonable doubt exists as to the construction of the policy, it should be interpreted against the insurance company which has drawn the agreement."

Appellant's requested Instruction No. 9 provided:

"The automobile liability policy issued to W. H. Marks by defendant (or its predecessor) which was in effect on August 7, 1965, specifically provides that there is no liability coverage for bodily injury to any employee of the insured, W. H. Marks, arising out of

and in the course of employment by the insured. Therefore, if you find from a preponderance of the evidence that at the time of the August 7, 1965, accident, William Maurice Owen was an employee of W. H. Marks, whether part-time, temporary, casual or otherwise, then you are told to return a verdict in favor of defendant."

Upon the refusal to give the above Instruction, appellant offered a modification thereof which the court gave as follows:

"The automobile liability policy issued to W. H. Marks by defendant (or its predecessor) which was in effect on August 7, 1965, specifically provides that there is no liability coverage for bodily injury to any employee of the insured, W. H. Marks, arising out of and in the course of employment by the insured. Therefore, if you find from a preponderance of the evidence that at the time of the August 7, 1965, accident William Maurice Owen was an employee of W. H. Marks, then you are told to return a verdict in favor of the defendant."

Appellants requested Instruction No. 11 provided:

"The term 'employment' means a relationship existing between one person called an employer and another person called an employee. An employee is one who performs services for the employer, under an express or implied agreement, and who is subject to the employer's supervision, direction and control as to the manner of performing the services."

The trial court refused appellant's requested No. 11.

Appellant then suggested the following modification:

"The term 'employment' means a relationship existing between one person called an employer and another person called an employee. An employee is one who performs services for the employer, under an express

agreement for compensation, or in anticipation that he will be compensated for his services, and who is subject to the employer's supervision, direction and control as to the manner of performing the services."

The court agreed to give the modified Instruction No. 12 on condition that Instructions No. 6 and 8, *supra,* which had been tentatively declined, be also given.

The trial court properly refused appellant's requested Instructions No. 9 and 11. Exclusions such as the one here involved are generally recognized and construed as excluding that coverage which is usually available through workmen's compensation insurance. In fact appellant in this instance recognized that construction of the exclusion by stating to the trial court:

"Judge, the whole purpose of this exclusion is not to cover under liability coverage people who are eligible to be covered under workmen's compensation and if Mr. Marks had workmen's compensation for his employees this boy would be covered as an employee just as sure as I am sitting here. . . ."

The term "employee" under our Workmen's Compensation Law, Ark. Stat. Ann. §81-1302 (b) is defined as follows:

" 'Employee' means any person, including a minor, whether lawfully or unlawfully employed, in the service of an employer under any contract of hire or apprenticeship, written or oral, expressed or implied, but excluding one whose employment is casual and not in the course of the trade, business, profession or occupation of his employer."

Having admitted that the exclusion of "bodily injury to... any employee of the insured arising out of and in the course of...employment by the insured," had reference to persons eligible to coverage under the Workmen's Compensation Law, the trial court in construing the policy language most strongly against the insurer and in favor of the insured, properly modified appellant's requested Instructions No. 9 and 11.

Appellant in insisting that it was entitled to have the jury told that the term employee included "part-time, temporary, casual or otherwise," relies upon our case of *Walker* v. *Countryside Casualty Co.,* 239 Ark. 1085, 396 S.W. 2d 824 (1965). In that case only two questions were involved—*i.e.,* (1) whether the insurance policy excluded coverage to employees when the employees were not covered by workmen's compensation, and (2) whether Walker was an employee of Koch as a matter of fact. We there held that lack of workmen's compensation coverage did not affect the exclusion and that there was substantial evidence to support the circuit court's finding that Walker was an employee within the exclusion. Of course in that case there was no doubt that Walker's employment, if he were an employee, was in the course of Koch's trade or business. Here, however, there is an issue on fact as to whether young Owen was acting in the course of Mr. Marks' business as a farmer when going to clean up a duck hunting club.

Finally appellant contends that the definition in AMI § 701 required the court to give its requested Instruction No. 11. A review of the comments under § 701, *supra,* demonstrates that the draftsmen of the AMI were dealing with that vicarious liability imposed upon a master for the conduct of a servant in a tort action. This is a contract action— the draftsmen did not undertake to define the term in the context used in the "exclusion" here involved. The authorities require courts to strictly interpret exclusions to insurance coverage and to resolve all reasonable doubts in favor of the insured who had no part in preparation of the contract, *First Pyramid Life Ins. Co.* v. *Thornton,* 250 Ark. 727, 467 S.W. 2d 381 (1971).

While the language in Instruction No. 6 may have been harmless if it stood alone, we have concluded that the trial court erred in giving it and Instruction No. 8. The true rule seems to be that the construction and legal effect of a contract are to be determined by the court as a question of law except in those instances where the meaning of the language depends on disputed extrinsic evidence. See Couch on Insurance 2d § 78:90 and 17A C.J.S. *Contracts* § 616. It therefore follows that on the record here it was

the duty of the court to construe the language of the insurance contract most strongly against appellant and not the duty of the jury. The duty of the jury is to find the facts in accordance with the instructions.

Appellees suggest that appellant has waived its right to complain of Instructions 6 and 8 because of its insistence on Instruction No. 12. Since Instruction No. 12 is apparently a correct statement of the law, we are unable to find a waiver through invited error.

Reversed and remanded.

HARRIS, C. J., dissents.

FOGLEMAN, J., dissents in part.

JOHN A. FOGLEMAN, Justice, dissenting in part, concurring in part. I feel that appellant was entitled to its instruction No. 9 as offered. It was entitled to have the jury informed that there was no requirement that young Owen be a regular employee in order to make the exclusion applicable. In *Walker* v. *Countryside Casualty Co.,* 239 Ark. 1085, 396 S.W. 2d 824, we said:

It is pointed out that at the time of the injury, neither Koch nor Walker had discussed payment for the assistance that Walker would render in greasing the truck. As an alternative contention, it is asserted that, at most, Walker was only a casual employee, and that the term "employee," as used in automobile exclusionary clauses, should apply only to regular employees as distinguished from casual or incidental employees. We cannot agree with these assertions, and it appears that the weight of authority is against appellants' contentions. The policy provides that there is no coverage for bodily injury to *any employee* (arising out of employment by the insured).

* * *

A succinct discussion of the meaning of employment is found in *Pennsylvania Casualty Company* v. *Elkins,* 70 F. Supp. 155 (E. D. Ky.). There, the employment of the injured person, Nave, was certainly incidental, for Nave was regularly employed elsewhere but on the occasion in question, agreed to accompany Elkins on a trip to Tennessee for the purpose of delivering a load of cattle. While on the return trip, the truck, driven by Elkins, overturned, and Nave was killed. Elkins' automobile liability insurance policy contained the provision that coverage was excluded for "bodily injury to or death of any employee of the insured while engaged in the employment, other than domestic, of the insured." The party contending that coverage was afforded argued:

"That at the time of the accident which resulted in his death Ernest Nave was not an 'employee' of William Elkins, the insured, in any sense of the word but, having other regular employment, he was merely a casual incidental and temporary helper, voluntarily rendering a particular service as an accommodation to Elkins;

"That the phrase 'any employee,' as used in the exclusion provision of the policy is ambiguous and that it is susceptible of being interpreted in a restrictive sense importing regularity and continuity of service for wages or salary rather than in the broader sense including every type of the relationship of employee and hence, under the familiar rule that where a provision of an insurance policy is open to two or more interpretations the one most favorable to the insured must be adopted, the exclusion clause of the policy here in question should be interpreted to have no application to Ernest Nave whose employment, if such relation existed at all, was only casual and temporary."

The court, in rejecting this argument, stated:

"The exclusion clause in the policy in question is obviously designed to exclude from coverage every type of employer's liability, other than that arising from 'domestic employment,' regardless of whether the employment be regular and continuous or incidental and temporary. The words used make the broad indiscriminate exclusion sufficiently clear. To hold otherwise would be to make a new contract for the parties entirely different from that which they made for themselves."

I agree that there was error in giving instruction No. 8. We said in *Walker* v. *Countryside Casualty Co.*, supra, that the following exclusion of coverage was not ambiguous:

"Bodily injury to any employee of the insured arising out of and in the course of (1) domestic employment by the insured, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or (2) other employment by the insured."

I find no reason for any rule of construction to be applied either by the court or jury in this case.