**UNITED STATES of America, Appellee,**

v.

**Brian W. NELSON, Appellant.**

No. 83–2131.

United States Court of Appeals, Eighth Circuit.

Submitted March 27, 1984.

Decided June 5, 1984.

Frank T. Knox, Frank L. Racek, Fargo, N.D., for appellant.

Rodney S. Webb, U.S. Atty., Lynn E. Crooks, Asst. U.S. Atty., Fargo, N.D., for appellee.

Before ROSS, ARNOLD and BOWMAN, Circuit Judges.

PER CURIAM.

Brian W. Nelson was charged with two counts of failure to file income tax returns for 1978 and 1979, in violation of 26 U.S.C. § 7203. A jury found him guilty of both counts following trial in June 1983. The court[1] sentenced Nelson to two months in custody plus a $5,000.00 fine. Nelson also received a one year suspended sentence and three years of probation. This is a direct appeal from the conviction. For the reasons set forth below, we affirm.

In the summer of 1978, the Internal Revenue Service opened a criminal investigation into Brian Nelson's failure to file income tax returns for the years 1976 and 1977. In the autumn of 1978, the IRS service center in Ogden, Utah, solicited the filing of the 1976 and 1977 returns. Nelson filed those returns on January 4, 1979. The IRS terminated its criminal investigation pertaining to those tax years and notified Nelson of the termination on April 23, 1979. The IRS then ordered an audit of Nelson's 1976 and 1977 returns. Revenue Agent Gary Kaeding received the audit assignment on August 29, 1979. Nelson was notified of the audit on October 23, 1979. Agent Kaeding met with Nelson on December 23, 1979. During this meeting, Agent Kaeding asked Nelson if he had filed a tax return for 1978. Nelson revealed that he had not filed the 1978 return, which was at that time some eight months overdue.

On April 15, 1980, Nelson sought an extension for filing his 1979 returns. The IRS denied the extension. Subsequently, Agent Kaeding discovered that Nelson had not filed a return for 1979, so he referred the case to the IRS Criminal Division for investigation. On October 7, 1980, Special Agent O'Halloran of the IRS Criminal Investigation Division met with Nelson. Nelson confirmed that he had not filed returns for 1978 or 1979 and offered several reasons for his failure to file them. The principal explanation Nelson gave was that he thought Agent Kaeding had granted him an extension for filing as a result of the audit of the 1976 and 1977 returns. Nelson was informed on December 31, 1981, that he would be prosecuted as a result of the criminal investigation. Nelson's 1978 and 1979 tax returns were received and stamped in Ogden, Utah, on February 3, 1982.

For reversal, Nelson argues that the court erred: 1) in excluding a prior consistent statement offered at trial, and 2) in

1. The Honorable Paul Benson, Chief Judge, United States District Court for the District of North Dakota.

admitting two government summary charts.

### Testimony of Doris Ost

■ Nelson contends that the court erred in excluding his offer of a prior statement that was consistent with testimony he gave at trial. Nelson's argument is that the government failed to prove his willful intent to violate the statute; he claims that he failed to file returns for 1978 and 1979 because he thought Agent Kaeding had given him an extension for filing at their December 1979 meeting. As mentioned above, Nelson gave this explanation to Agent O'Halloran when he met O'Halloran in October of 1980. At trial Nelson sought to introduce the testimony of his secretary, Doris Ost. Ost would have testified that Nelson told her immediately after his meeting with Kaeding, that Kaeding had given him an extension. Of course, this was Nelson's testimony at trial. However, Nelson gave O'Halloran several explanations for his failure to file, and O'Halloran so testified at trial.

■ Nelson attempted to have Ost's testimony admitted as a prior consistent statement to rebut the government's claim of recent fabrication of his testimony. The government objected on the grounds that Ost's testimony was simple hearsay, that there was no claim of recent fabrication to rebut, and that Nelson was only trying to bolster his trial testimony. The trial court sustained the government's objection and excluded the proffered testimony. On its face, Ost's testimony would be hearsay. However, Federal Rule of Evidence 801(d)(1)(B) provides that a statement is not hearsay if it is a prior statement by the witness that is consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication. In this situation a prior consistent statement may be admissible to rehabilitate the witness. Here, the government argues that there was no charge of recent fabrication—only a cross-examination which revealed that Nelson had given differing explanations on a prior occasion. The extent to which rehabilitative evidence may be received is left to the sound discretion of the trial court. *United States v. Dennis*, 625 F.2d 782, 797 (8th Cir.1980). We find no abuse of discretion. Nelson simply has shown no prejudice to him as a result of the court's ruling.

### Summary Charts

■ Nelson's second argument is that the court erred in admitting three summary charts· prepared by the government. Exhibit 29 is a summary of Agent O'Halloran's computation of Nelson's gross income for 1978 and 1979, based on an analysis of his bank deposits. Exhibits 30A and 30B are charts summarizing Nelson's filing history. All three summaries were based on the IRS agents' trial testimony. Nelson claims that all three were so prejudicial as to render his trial unfair.

*United States v. King*, 616 F.2d 1034 (8th Cir.), *cert. denied*, 446 U.S. 969, 100 S.Ct. 2950, 64 L.Ed.2d 829 (1980), is dispositive of this issue. There the court stated that:

> Where charts which fairly summarize the evidence are used as an aid in understanding the testimony already introduced and the witness who prepared the charts is subject to cross-examination with all documents used to prepare the summary, the use of charts is proper. *Gordon v. United States*, 438 F.2d 858 (5th Cir.1971). Evidential use of such summaries rests within the sound discretion of the trial judge, whose action in allowing their use may not be disturbed by an appellate court except for an abuse of discretion. *United States v. Smallwood*, 443 F.2d 535, 540 (8th Cir.1971).

In this case, the trial judge gave a cautionary instruction regarding the use of the gross income summary. This court approved the use of such instructions in *King, supra*. As for the filing history summary, it was properly admitted as evidence of a consistent pattern of failure to report income. *Id.* at 1039.

Finding no error in the district court's evidentiary rulings, we affirm the jury verdict.