The Honorable Patrick Henry Hays State Representative P. O. Box 4478 North Little Rock, Arkansas 72119
Dear Representative Hays:
This is in response to your request for an opinion on the following questions:
 1. May a person who has retired from County employment under the incentives of Act 187 of 1987, and who is receiving benefits computed under the retirement incentives program, provide services to a County agency and receive compensation therefore [therefor] under a professional services or consultant services contract with the agency?
 2. If the answer to question 1) is "yes", would the receiving of payment for professional or consultant services result in jeopardizing the rights of the person to continue to receive benefits computed under the retirement incentives program, or, would the receipt of such payment necessitate any reduction in the retirement benefits being received by such person?
 3. Are there any other laws, in addition to Act 187 of 1987, that would prohibit or restrict a County agency from entering into a professional services or consultant services contract with a person who is receiving regular benefits under the PERS or who is receiving a retirement incentives benefit under such System?
I assume that while reference is made to Act 187 of 1987, these questions are actually asked with respect to Act 717 of 1987, which is codified at Arkansas Code of 1987 Annotated 24-4-733, et seq. (Supp. 1987). Act 717 extends early retirement incentives to county employees who are active members of the County Division of the Arkansas Public Employees Retirement System on April 7, 1987, and who meet other prerequisites.
Persons availing themselves of the early retirement incentives are precluded under Act 717 from accepting ". . . further employment in which the County or any other County is the employer." A.C.A. 24-3-217(a)(1)(2); 24-4-733(a)(1)(2) (Supp. 1987). While the term "employment" is not defined under Act 717, the definition of terms within the meaning of the Public Employees' Retirement System law are defined under A.C.A. 24-4-101(10) as "all employees whose compensations are payable, either directly or indirectly, by county participating public employers." Thus, while the element of compensation is a factor to consider, inclusion of the term "employee" in this definition implies the existence of an employer/employee relationship as well.
It is my opinion that a person retiring under Act 717 of 1987 will not be precluded from providing services to a county under a professional services or consultant services contract if the person acts as an independent contractor. This is a question of fact which can only be decided on a case by case basis. Eagle Star Insurance Company, Ltd. v. Deal, 474 F.2d 1216 (8th Cir. 1973), citing Walker v. Countryside Casualty Co., 239 Ark. 1085,396 S.W.2d 824 (1965). Factors to consider in this regard include the method of payment, whether by time, job, price or other unit of measurement; length of the contract; and the extent of the control exerted over the contractor. Wright v. Newman, 539 F. Supp. 1331
(W.D.Ark. 1982); vacated on other grounds 735 F.2d 1072 (8th Cir. 1984). See also Restatement of Agency, 220 (2nd Ed.). The Arkansas Supreme Court has relied upon the following definition in determining whether a contract should be construed as creating an independent contractor relationship, rather than that of employer and employee:
 An independent contractor may be defined as one who, in the course of an independent occupation, prosecutes and directs the work himself using his own methods to accomplish it, and represents the will of the company only as to the result of his work. (citations omitted.)
Homewood Rice Land Syndicate v. Suhs, 142 Ark. 619, 623,219 S.W.2d 333 (1920); see also Ewing v. City of Helena, 207 Ark. 702,182 S.W.2d 941 (1944). It has been stated that the element of control is generally the most important determinant as to whether a person is an "employee." Eagle Star Insurance Company, Ltd. v. Deal, supra, at 1220.
It should be noted, finally, that the employment prohibited under Act 717 is ". . . further employment" in which the County is the employer. Use of the word "further" indicates that the legislature intended for the proscribed employment to at least share some characteristics of the retirant's former employment. It may therefore be significant to note in this regard that an independent contractor will generally not participate in a retirement system.
It must be noted in response to your second question that while Act 717 places limitations upon one's eligibility for subsequent employment following his or her early retirement, no provision is made for a reduction in vested benefits following employment. Nor does there appear to be any independent authority for such action. It is, therefore, my opinion that the answer to your second question is no.
In response to your final question, we are not aware of any other laws evidencing restrictions in this regard.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.