2010 Ark. App. 105

**P. RYE TRUCKING, INC., Appellant**

v.

**PET SOLUTIONS, LLC, Appellees.**

**No. CA 09–700.**

Court of Appeals of Arkansas.

Feb. 3, 2010.

William Benjamin Putman, Fayetteville, AR, for appellant.

Donald Howard Bacon, Travis J. Fowler, Little Rock, AR, for appellee.

RITA W. GRUBER, Judge.

Appellant P. Rye Trucking, Inc., appeals the Yell County Circuit Court's order of March 30, 2009 that granted summary judgment in favor of appellee Pet Solutions, LLC, and dismissed appellant's breach-of-contract complaint with prejudice. We reverse and remand because we hold that a prior release agreement between the parties did not bar appellant's lawsuit.

The standard of review for summary-judgment cases is clear:

Summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated and the moving party is entitled to judgment as a matter of law. Once a moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. After reviewing undisputed facts, summary judgment should be denied if, under the evidence, reasonable minds might reach different conclusions from those undisputed facts. On appeal, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of its motion leave a material question of fact unanswered. This court views the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party.

*Jackson v. Sparks Reg'l Med. Ctr.*, 375 Ark. 533, 541, 294 S.W.3d 1, 4–5 (2009).

The release at issue in this appeal is a type of contract between the parties and therefore is interpreted pursuant to rules of contract interpretation. *See Wal–Mart Stores, Inc. v. Coughlin*, 369 Ark. 365, 255 S.W.3d 424 (2007). The first rule of contract interpretation is to give to the language employed the meaning that the parties intended. *Id.* Furthermore,

[t]he court must consider the sense and meaning of the words used by the parties as they are taken and understood in their plain and ordinary meaning. It is a well-settled rule that the intention of the parties is to be gathered, not from particular words and phrases, but from the whole context of the agreement. Different clauses of the contract must be read together and the contract construed so that all of its parts harmonize, if that is possible. The best construction is that which is made by viewing the subject of the contract, as the mass of mankind would view it, as it may safely be assumed that such was the aspect in which the parties themselves viewed it. Language is ambiguous if there is doubt or uncertainty as to its meaning and it is fairly susceptible to more than one equally reasonable interpretation.

*Rausch Coleman Homes, LLC v. Brech*, 2009 Ark. App. 225, 303 S.W.3d 456 (citations omitted). When a contract is unambiguous, its construction is a question of

law. *Artman v. Hoy,* 370 Ark. 131, 257 S.W.3d 864 (2007).

The events leading to the release agreement and present lawsuit are as follows. In 2004 appellant and appellee entered into a written "Raw Materials Hauling Contract" in which appellant was "primarily responsible" for hauling appellee's incoming raw materials into its Centerville plant for two years. The contract provided that appellee would pay appellant's costs for weekly mileage; that appellee would pay for an increased fuel-escalator charge when the cost of highway fuel should exceed a particular price; and that appellee would be responsible for repairing "any damaged ... equipment" caused by appellee's negligence. In April 2005 the parties extended the contract's duration and modified its provisions for weekly compensation and fuel-escalator charge. In August 2005 the parties extended the contract through September 2008 and modified the provision for weekly compensation.

In August 2006 appellee notified appellant by email that "it will no longer be necessary that P. Rye Trucking pull open top trailers into Pet Solutions, ..." and that arrangements had been made "for handling these hauls." In June 2008 appellant filed its breach-of-contract suit, alleging that appellee had breached the provision that appellant would be primarily responsible for hauling raw materials and that appellee had failed to pay for services rendered.

Appellee filed a motion to dismiss and answer, affirmatively pleading that appellant's claims for relief were barred by a release executed by Northland Insurance Company, P. Rye Trucking, Inc., and P. Rye Trucking as Debtor in Possession in connection with the settlement of *Northland Insurance v. Pet Solutions,* Yell County Circuit Court Case No. CV–07–48.

Appellee asserted that appellant's contract lawsuit should be dismissed because appellant was in bankruptcy, was not a proper party, and was not the real party in interest. A copy of the release was attached to the motion.

Appellant responded to appellee's motion to dismiss and answer, denying the affirmative defense of release to its contract claims. Appellant stated that the release resulted from mediation of a property dispute involving Northland's subrogation claim against appellee for damages it caused to personal property owned by appellant. Appellant also responded that special counsel was appointed by the bankruptcy court to represent appellant in its contract dispute against appellee; attached to the response was a copy of the May 12, 2008 bankruptcy order.

In a subsequent motion and brief for partial summary judgment, appellant again denied the affirmative defense of release. Appellant stated that the release resulted from mediation of litigation involving Northland's subrogation claim against appellee for damages to personal property insured by Northland; that the release dealt with disputes set forth in the complaint in the subrogation case; that appellant was not a party to the litigation; and that the release included appellant because it was the policyholder subrogated to Northland. Appellant stated that the release "without ambiguity" discharged appellee of claims regarding property damage. Appellant prayed for partial summary judgment stating that the release did not constitute an affirmative defense to its cause of action.

Responding to appellant's motion for partial summary judgment, appellee admitted that the release arose out of the Northland case but denied that the release was limited to claims in that lawsuit. On

March 30, 2009, the circuit court entered its order granting appellee's motion for summary judgment and dismissing appellant's complaint with prejudice, the subject of the appeal now before us.

The release at issue contains the following provision:

For the sole consideration of Fifty–Five Thousand and No/100 Dollars ($55,000.00), the receipt and sufficiency of which are hereby acknowledged, we, Northland Insurance, P. Rye Trucking, Inc., and P. Rye Trucking as Debtor in Possession hereby release and forever discharge Pet Solutions, LLC, Protein Solutions, LLC and 3–D Corporate Solutions, LLC and their agents, servants, representatives, and any and all other persons, firms or corporations whether named herein or not, of and from any and all claims, demands, damages, causes of action, or suits at law or in equity, of whatever kind or nature, for or because of any matter or thing done, omitted, or suffered to be done by the said parties herein released, for property damage and any and all known and unknown injuries resulting or to result from all claims for damage to property of P. Rye Trucking, Inc. that resulted from any acts or omissions of any of the parties released from any time in the past to the date this Release is signed and do hereby agree to indemnify and save harmless Pet Solutions, LLC, Protein Solutions, LLC and 3–D Corporate Solutions, LLC, their agents, servants or representatives, from all further claims or demands, costs or expenses arising out of the injuries sustained by us.

. . . .

We understand that no representation as to liability and no agreement or promise has been made . . ., and the sum paid is solely by way of compromise of disputed claims, and it is, therefore, specifically agreed that this release shall be a complete bar to all claims or suits for injury or damage of whatsoever nature resulting . . . .

The concluding sentence states the parties' agreement that "the lawsuit now pending in the Circuit Court of Yell County, Arkansas, Case No. CV–07–48, *Northland Insurance v. Pet Solutions,* will be dismissed with prejudice."

Appellant contends on appeal that the circuit court erred in granting appellee's motion for summary judgment and in dismissing appellant's complaint, and that the court committed a corollary error by failing to grant appellant's motion for partial summary judgment. Appellant argues that the contract language at issue unambiguously supports appellant's position. Therefore, appellant asks that the decision be reversed and remanded with instructions to grant appellant's motion and to deny appellee's motion. Alternatively, appellant asks that the release be found ambiguous and the matter be remanded for further proceedings consistent with such a ruling. We do not find it necessary to reach appellant's alternative argument because the issues are controlled by appellant's primary argument.

Appellant's primary argument is that the parties' intent, gleaned from the contract as a whole, was to limit the scope of the claims released by appellant to those arising from or relating to the subject matter of the property-damage claims and resulting damages. Appellee characterizes this as an " 'intent-trumps-grammar' argument" not raised below but directs us to its own grammatical-construction proffer in its motion for summary judgment; to appellant's response to the summary-judgment motion, focusing on the word "for" in the property-damage clause; and to appellee's reply to the response, stating that "in

accordance with elementary grammatical rules," the release absolved it from "any and all liability."

These arguments center upon the following portion of a lengthy sentence, reproduced in its entirety earlier in this opinion:

> Northland Insurance, P. Rye Trucking, Inc., and P. Rye Trucking as Debtor in Possession hereby *release* and forever discharge Pet Solutions, LLC, [and others] . . . of and *from any and all claims,* demands, damages, causes of action, or suits at law or in equity, of whatever kind or nature, for or because of any matter or thing done, omitted, or suffered to be done by the said parties herein released, *for property damage and any and all known and unknown injuries resulting or to result from all claims for damage to property of P. Rye Trucking, Inc . . . .* and do hereby agree to indemnify and save harmless Pet Solutions, LLC, Protein Solutions, LLC and 3–D Corporate Solutions, LLC, their agents, servants or representatives, from all further claims or demands, costs or expenses arising out of the injuries sustained by us.

(Emphasis added.)

██ ₇We hold that the plain language of the written agreement limits the release to claims for property damage and injuries from claims for property damage. In doing so, we reject appellee's argument that the language absolves appellee of two separate and distinct measures of liability: 1) "any and all liability," and 2) claims that are specific to the 2007 litigation.[1] We also reject appellee's argument that release of two measures of liability intentionally protected it from both the property-damage suit and appellant's future lawsuit, allegedly listed by appellant as a Chapter 11 bankruptcy asset before the release was executed. Nothing in the record shows that this evidence was presented to the circuit court through affidavits, depositions, or other supporting documents. *See Youngman v. State Farm Mut. Auto. Ins. Co.,* 334 Ark. 73, 971 S.W.2d 248 (1998) (citing Ark. R. Civ. P. 56 and stating that a moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law).

We conclude that the language of the release unambiguously limited it to claims arising from or relating to the property-damage lawsuit. Therefore, the circuit court erred in granting appellee's motion for summary judgment and in dismissing appellant's breach-of-contract₈ lawsuit with prejudice. We reverse the summary-judgment order and remand for further proceedings consistent with this opinion.

Reversed and remanded for reinstatement of appellant's complaint.

GLOVER and BROWN, JJ., agree.

---

1. *Walker v. Countryside Casualty Co.,* 239 Ark. 1085, 396 S.W.2d 824 (1965), cited by appellee, does not stand for a broad rule appellee proposes that "a contract clause which is set off by commas, [sic] is parenthetical. . . ." There is little similarity in the placement of commas in the *Walker* document and the release in the present case.

Nor have we found meaningful appellee's extensive argument based upon its recitation of "grammatical rules," sentence composition, and "correct comma and preposition usage."