Bart F. Virden, Judge, dissenting.
*257 I believe that the conditions precedent in the release are the only conditions precedent that must be satisfied before Patterson and Salamo may pursue underinsured motorist (UIM) benefits, and I would reverse.
The release poses one hurdle to pursuing UIM benefits: Patterson and Salamo must "recover the limits of liability insurance available to Dewey Christopher Quier or any person or entity responsible for the actions of Dewey Christopher Quier[.]" The release agreement clarifies that UIM benefits may not be pursued (1) if no claim for damages is filed against Dewey Christopher Quier or any person or entity responsible for his actions; or (2) if a claim is pursued against Quier or any person responsible for his actions, and the applicable policy benefits are not depleted.
The claims were filed. The applicable policies were depleted. That should have been the point at which Patterson and Salamo could pursue UIM benefits; however, the trial court added a step by looking to the policy and finding that the UIM policy sets forth a different hurdle: UIM benefits may not be pursued until "the limits of the liability under any applicable bodily injury liability bonds or policies have been exhausted by payments of judgments or settlements[.]" Benton's umbrella policy is a policy that could be pursued, and it was and was partially depleted; however, this fact is irrelevant because the release controls. When the Oklahoma court determined that Benton and Good Day were not responsible for Quier's negligence, there was no liability policy left to pursue against Quier or "anyone responsible for his actions."
The release language plainly sets out the steps that must be taken before Patterson and Salamo may pursue UIM benefits, and the circuit court erred in adding a new requirement to the release. It is well settled that an insurer may contract with its insured on whatever terms the parties may agree on that are not contrary to statute or public policy. Aetna Ins. Co. v. Smith , 263 Ark. 849, 568 S.W.2d 11 (1978). The release at issue in this appeal is a type of contract between the parties and therefore is interpreted pursuant to rules of contract interpretation. See Wal-Mart Stores, Inc. v. Coughlin , 369 Ark. 365, 255 S.W.3d 424 (2007). The first rule of contract interpretation is to give to the language employed the meaning that the parties intended. P. Rye Trucking, Inc. v. Pet Sols., LLC , 2010 Ark. App. 105, at 2, 377 S.W.3d 334, 335. When a contract is unambiguous, its construction is a question of law. Artman v. Hoy , 370 Ark. 131, 257 S.W.3d 864 (2007). Furthermore, if there is any doubt, ambiguities in a contract are construed strictly against the drafter of the contract. Sturgis v. Skokos , 335 Ark. 41, 977 S.W.2d 217 (1998).
I respectfully dissent.