IRENE C. SEAVEY vs. MATTHEW LAUGHLIN, Admr.

Penobscot.    Opinion March 25, 1904.

*Verdict.   Jury.   New Trial,* facts not proven.

An inference of fact may be found by a jury only from other facts proved, and is a deduction or conclusion from facts or propositions known to be true.

*Held;* that the jury instead of basing their verdict upon a fact proved, based it upon a probability; but a probability is not a proven fact, and hence the inference drawn from it by the jury cannot be properly based upon it.

Motion for new trial.    Granted.

Action to recover an alleged loan evidenced by a check.    The jury gave a verdict for the plaintiff, and the defendant filed a motion for new trial.

The case appears in the opinion.

*Taber D. Bailey,* for plaintiff.

*M. Laughlin,* for defendant.

SITTING: WISWELL, C. J., EMERY, STROUT, SAVAGE, PEA-
BODY, SPEAR, JJ.

SPEAR, J.   This is an action brought by Irene C. Seavey against Matthew Laughlin as administrator of the estate of Maude S. Ober, late of Brewer, in the County of Penobscot. The claim is alleged to be for money loaned September 18, 1895, by said Seavey to said Ober. The evidence of the alleged loan is a cashier's check. The verdict was for the plaintiff and the case comes up on motion by the defendant.

On the 18th day of September, 1895, Rebecca J. E. Stanley had a deposit in a bank in Brooklyn, New York, in trust, for her daughter, Irene C. Seavey, the plaintiff, and drew upon the deposit a check to her own order, of one hundred and fifty dollars, indorsed it in blank and delivered it to Irene, who took the check, put it in a sheet of writing paper, folded it, and enclosed the check and paper in an

envelope and sealed the envelope. There is no direct evidence whatever that the envelope was addressed or sent to any particular person. The next known of the check was its appearance at the trial of this case indorsed in blank by Rebecca J. E. Stanley, and by J. Howard Ober, the husband of the defendant's intestate, who indorsed it for collection. The only evidence in any way touching the financial relations of the plaintiff and defendant's intestate, Maude S. Ober, is found in a letter from Maude to her sister Irene dated at Brewer, Maine, April 4, 1896, an extract of which is as follows: "If nothing happens, I will pay you your money this summer. I worry so much about it. Irene do you suppose that I will get anything more from the estate? I would like to know, for I could write to Mr. Hunter and have him make it over to you, so if anything happened to me you should have what is your own." This letter may or may not allude to the check in suit, but unfortunately there is no way of determining. There is no evidence whatever that the letter alludes to the check.

Inference of fact can be found by a jury only from other facts proved. "Inference is a deduction or conclusion from facts or propositions known to be true. When the facts themselves are directly attested, the jury may deduce or infer or presume from them the truth or falsity of the main proposition." *Gates* v. *Hughes,* 44 Wis. 336. Can it be said, from the admission in the extract of the letter quoted, that it is *a fact proved,* that it referred to the check in question? The defendant in his brief says, "Two inferences can be drawn from the facts in this case. One is that the money was sent directly to J. Howard Ober and that it was a loan to him. The second is that the check was sent to Maude S. Ober who turned it over to her husband, J. Howard Ober to collect for her, as the check was payable to bearer after the indorsement in blank. But the jury drew the latter inference." These alternative findings, which the jury were authorized to make, were not based upon facts proven but upon probabilities, what might or might not be so. As before observed, the only evidence before them upon which to base the inference was the letter of Maude S. Ober to her sister Irene, but this letter does not in any way refer to the check as the indebtedness

therein mentioned and may just as well have referred to some other indebtedness as that created by the check; consequently no fact was proven in the whole case which by necessary implication referred to the check. The jury therefore instead of basing their verdict upon a fact proven, based it upon the probability that Maude referred to the check as the subject of the indebtedness named in her letter; but a probability is not a proven fact, and the inference which the jury drew could not properly be based upon it.

*Verdict set aside.    New trial granted.*