[Civ. No. 3397.   Second Appellate District, Division Two.—March 1, 1921.]

# CLAPP'S PARKING STATION et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—PERFORMANCE OF SERVICES—GOING TO OR FROM WORK—RIGHT TO BENEFITS.—An employee going to or from the place where his work is to be performed is not engaged in performing any service growing out of and incidental to his employment; and if he is killed while thus engaged, his widow is not entitled to a death benefit.

[2] ID.—WEIGHT OF EVIDENCE—PROVINCE OF COMMISSION—CERTIORARI. The provision of section 67 of the Workmen's Compensation Act which declares that the conclusions of the commission on questions of fact are "conclusive and final and shall not be subject to review," means no more than that the commission is the final arbiter where there is a conflict in the evidence or where opposing inferences may reasonably be drawn. It is always in the province of the court, in reviewing an award based wholly on circumstantial evidence, to determine whether there are inferences reasonably deducible from the evidence to sustain the commission's finding; conjecture or guesswork will not suffice.

[3] ID.—INJURY WHILE ON ERRAND OF EMPLOYER — EVIDENCE — UNWARRANTED INFERENCE.—The fact that at the time an employee received the injuries which caused his death he was crossing the street midway between the place of employment and a certain lumber-yard, where he was authorized to purchase lumber if needed, is not sufficient to warrant a finding that he was injured while on an errand for his employer, that is, that he was on his way to or was returning from such lumber-yard, where the uncontradicted evidence shows that, when struck down by a passing automobile, he was going in a direction away from the lumber-yard and toward his place of employment, and he had not purchased any lumber at such lumber-yard that day.

[4] ID.—ANNULMENT OF AWARD—POWER TO REMAND CAUSE.—Where an award of the Industrial Accident Commission is annulled on *certiorari* for insufficiency of the evidence to sustain a material finding of the commission, and it is made to appear that if the case be remanded for further proceedings before the commission

1. Injuries received while going to and from work as within meaning of Workmen's Compensation Act, notes, L. R. A. 1916A, 331; L. R. A. 1917D, 119; L. R. A. 1918F, 907.

additional evidence can be produced, the court should exercise its power to remand the cause for further proceedings before the commission.

[5] ID.—DISCOVERY OF NEW EVIDENCE—MOTION TO REMAND CAUSE— NECESSITY FOR AFFIVADITS.—Where, in a proceeding in *certiorari* to review an award of the Industrial Accident Commission, the commission asks that, in the event it is found necessary to annul the award, the cause be remanded for further proceedings before the commission because of the fact that, since the entry of the award, new evidence, material to the case, has been discovered, it would be more regular to file an affidavit showing the new evidence that can be produced on a rehearing by the commission, still that course is not a *sine qua non.*

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission.   Award annulled.

The facts are stated in the opinion of the court.

Porter & Sutton for Petitioners.

A. E. Graupner for Respondents.

FINLAYSON, P. J.—This is a proceeding in *certiorari* to review an award of the Industrial Accident Commission allowing a death benefit to the widow of Silas M. Friend, deceased.

The petitioner for the writ, Frederick A. Clapp, doing business in the city of Los Angeles under the name of "Clapp's Parking Station," employed Friend as a carpenter to do various kinds of work about his automobile parking ground.   For several days prior to the accident, Friend had been engaged in constructing a fence for Clapp around the latter's parking ground.   On July 3, 1919, at about 11 o'clock A. M., Friend left his work of fence-building, and shortly thereafter, while crossing Los Angeles Street, was run down by an automobile and received injuries that were the proximate cause of his death.

It is contended by petitioner that there was no evidence before the commission sufficient to justify its finding that the injuries that resulted in Friend's death arose out of and in the course of his employment.   This contention, we think, must be sustained.

It seems that the award was based upon the theory that, at the time of the accident, Friend was on an errand for his employer, that is, that he was on his way to or was returning from the lumber-yard of the Whiting-Mead Wrecking Company, whither, it is claimed, he had been sent by Clapp to purchase lumber to be used in the construction of the fence. There is no direct evidence that Friend was performing any such errand for his employer at the time of the accident; the claim is that there is circumstantial evidence to sustain the theory that Friend was on such errand when the accident happened. We think that the circumstances are wholly insufficient to justify any reasonable inference that Friend was engaged in any such errand. [1] If he was not, then indubitably the widow is not entitled to a death benefit, for it is well settled that an employee going to or from the place where his work is to be performed is not engaged in performing any service growing out of and incidental to his employment. (*Ocean Acc. etc. Co.* v. *Industrial Acc. Com.*, 173 Cal. 313, [L. R. A. 1917B, 336, 159 Pac. 1041]; *Fidelity & Casualty Co.* v. *Industrial Acc. Com.*, 48 Cal. App. 572, [192 Pac. 166].)

If we resolve all conflicts in the evidence in favor of the widow and construe the evidence most favorably to her, we shall have presented the following circumstances: Some time prior to the accident, Clapp had given Friend five dollars and told him that if he needed any additional lumber for the construction of the fence to go and get it—to get it from the lumber-yard of the Whiting-Mead Wrecking Company. Clapp's parking ground is on the westerly side of Los Angeles Street, between Seventh and Eighth Streets. The lumber-yard of the Whiting-Mead Wrecking Company is between Seventh and Eighth Streets, on San Pedro Street—a street four blocks east of Los Angeles Street. After the accident, five dollars and a few cents were found in one of the pockets of the clothing that had been worn by Friend. According to the uncontradicted testimony of the manager of the Whiting-Mead Wrecking Company, that company, as its books show, did not sell any lumber to Friend on July 3d, though it had sold lumber to Clapp on the 1st of July. The construction of the fence was left entirely to Friend, who came and went as and when he saw fit. He was paid by the hour. During the period he

worked for Clapp, i. e., from June 23d to July 3d, he would sometimes leave his work for half a day at a time.

According to the uncontradicted evidence of the eye-witnesses of the accident, Friend, at about 11 o'clock A. M. on July 3, 1919, while crossing Los Angeles Street about fifty feet north of Eighth Street, going in a *westerly* direction, that is, in a direction away from the lumber-yard and toward the parking ground where the fence was in the course of construction, stepped from behind a truck into the path of an automobile proceeding southerly on Los Angeles Street, was struck by the front left fender, and received the injuries from which he subsequently died. At the time of the accident, Friend was not wearing a coat.

The Workmen's Compensation Act creates a liability against an employer only for an injury "arising out of and in the course of the employment" (Stats. 1917, p. 834, sec. 6, subsec. a). The fact that the injury arose out of and in the course of the employment is a condition precedent to the power of the commission to award compensation to the injured employee or a death benefit to his dependents. An award made without proof of this essential fact is void; and if attacked by *certiorari,* as provided in section 67 of the law, it must be annulled as an act in excess of the commission's jurisdiction. [2] The statute, it is true, expressly declares that the conclusions of the commission on questions of fact are "conclusive and final and shall not be subject to review" (sec. 67 of the act, subsec. c). But this means no more than that the commission is the final arbiter where there is a conflict in the evidence or where opposing inferences may reasonably be drawn. It is always within the province of the court, in reviewing an award based wholly on circumstantial evidence, to determine whether there are inferences reasonably deducible from the evidence to sustain the commission's findings. The findings, in such case, must be based on reasonable inferences; conjecture or guesswork will not suffice.

In *Kerr* v. *Ayre S. S. Co.,* [1915] App. Cas. 217, 233, Lord Shaw draws the distinction between conjecture and inference in these words: "The distinction is as broad as philosophy itself. It is that an inference rests upon premises of fact and a conjecture does not." [3] The conclusion that Friend's injuries arose out of and in the

course of his employment must find its support in the finding that he was injured while performing an errand for his employer, i. e., while going to or returning from the lumber-yard to purchase lumber for the fence. But that finding rests upon no premise of fact. The uncontradicted evidence of the manager of the Whiting-Mead Wrecking Company shows that Friend had not purchased any lumber at the lumber-yard on the day of the accident. It necessarily follows, therefore, that he was not returning from the purchase of lumber when he sustained his fatal injuries. The fact that, according to the uncontradicted evidence, Friend, when struck down, was crossing from the east to the west side of Los Angeles Street, that is, while going in a direction away from the lumber-yard, shows that he was not on his way to purchase lumber. From this it necessarily follows that the finding that he was injured while on an errand to purchase lumber is based on mere conjecture and surmise. There is no premise of fact upon which to base any inference that he was on any such errand.

It is argued that the hour—11 o'clock A. M.—was not the usual lunch hour, and that, therefore, Friend had not been to his lunch. It also is said that the fact that he did not have on his coat shows that he had not been to lunch. This is *non sequitur*. Clapp testified that he was eating his lunch when the accident happened. If Clapp was so engaged at that hour, why not Friend? It is not unreasonable to assume that one who goes to his work early in the morning, particularly one who, like Friend, has no regular and stated working hours, should eat his lunch an hour earlier than the noon hour. Nor is the fact that he did not have on his coat a pregnant circumstance. The accident happened at a time of the year when, as a rule, the forenoons are quite warm. At that season men whose vocation is that which Friend pursued are frequently seen eating their noonday meal in their shirt-sleeves. The probabilities, therefore, are as consistent with the assumption that Friend was returning from his lunch as that he was going to or returning from the purchase of lumber for Clapp. Moreover, the assumption that Friend may have been returning from his lunch is not necessarily the only reasonable alternative to the assumption that he was going to or returning from the purchase of lumber. The evidence shows that he

did not always work steadily on the fence throughout the day, but that, for any purpose that might suit his whim, he sometimes left the fence-building job for an hour or so, or even for a longer period of time.

We find no substantial evidence to sustain the commission's conclusion that the injury to Friend arose out of and in the course of his employment, and, therefore, we, perforce, must annul the award.

[4] The statute expressly authorizes us to enter a judgment affirming or annulling the award or remanding the case for further proceedings before the commission. (Stats. 1917, p. 876, sec. 67, subsec. c.)    The judgment in *Pacific Coast Casualty Co.* v. *Pillsbury*, 171 Cal. 319, 325, [153 Pac. 24], affords a precedent for the entry of a judgment annulling the award, and, at the same time, remanding the case, for further proceedings by the commission.    We are asked by the commission, in the event that we find it necessary to annul the award, to remand the cause for further proceedings before that body.    This request is based upon the ground that, since the entry of the award, new evidence, material to the claimant's case, has been discovered—evidence which, it is claimed, could not have been sooner discovered by the exercise of reasonable diligence.    The petitioner here opposes the request upon the grounds: 1. That the court's power to remand exists only where the applicant did not have a fair trial before the commission, as, for example, where testimony was improperly rejected; and 2. that in any event the nature of the newly discovered evidence should be shown by affidavits.

We think that where an award is annulled for insufficiency of the evidence to sustain a material finding of the commission, and it is made to appear that if the case be remanded for further proceedings before the commission additional evidence can be produced, the court should exercise its power to remand.    A new trial in a court of record follows as a matter of course when the judgment of such a tribunal is reversed by an appellate court on the ground that a material finding is not sustained by the evidence; and we can see no reason why a more rigorous rule should be applied to a judgment of the Industrial Accident Commission, annulled in a *certiorari* proceeding, in view of the express grant of power to remand the case for further pro-

ceedings by the commission. Such liberal construction of the act accords with the express declaration that its provisions are to be liberally construed, with the purpose of extending its benefit to the protection of injured persons (sec. 68, Stats. 1917, p. 877).

[5] As to the other objection—the failure to support the motion by affidavits—we think that while it doubtless would be more regular to file an affidavit showing the new evidence that can be produced on a rehearing by the commission, still in this particular instance that course is not a *sine qua non*. Here the claimant, Mrs. Friend, was too poor to engage counsel. The commission, a public body created by law with power to subpoena any witness who has not been required to attend at the request of any party (sec. 61), claims that it has endeavored to ascertain all the facts. We think that under the circumstances we should accept at its face value the commission's statement of the evidence which it claims can be produced in the event of a rehearing.

The award is annulled, the cause remanded, and the commission is directed to take such further proceedings in the matter as it may deem advisable.

Works, J., and Craig, J., concurred.