## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY *v.* Lula Martha TRAYLOR

77-234                                    562 S.W. 2d 595

### Opinion delivered March 13, 1978
### (In Banc)

*Laser, Sharp, Haley, Young & Huckabay, P.A.,* for appellant.

*Ray & Donovan,* for appellee.

FRANK HOLT, Justice. The court, sitting as a jury, awarded appellee $5,000 death benefits pursuant to the terms of an automobile insurance policy issued to appellee's decedent by appellant. Appellant asserts the judgment of the trial court is not supported by substantial evidence.

The policy provided coverage from death resulting from "being struck by an automobile." In denying coverage, the appellant invoked the provision of the policy which provides that coverage is excluded whenever bodily injury is sustained in the course of one's occupation when engaged "[i]n duties incident to the operation, loading or unloading of, or as an assistant on a . . . . commercial automobile." Appellant argues that the decedent was in the performance of his duties which were incident to the operation, loading or unloading of a truck and there is no substantial evidence to support the court's finding that the exclusionary clause was inapplicable.

In determining whether there is any substantial evidence to support the findings of the court, we view the evidence, even though contradicted, and all reasonable inferences deducible therefrom in the light most favorable to the appellee. *Green v. Harrington,* 253 Ark. 496, 487 S.W. 2d 612 (1972). In *Blissett v. Frisby,* 249 Ark. 235, 458 S.W. 2d 735 (1970), we said:

> It is only where there is no substantial evidence to support the verdict, where fair-minded men can only draw a contrary conclusion or where there is no reasonable probability that the incident occurred according to the version of the prevailing party, that a jury verdict on these questions will be disturbed on appeal.

Courts are required "to strictly interpret exclusions to insurance coverage and to resolve all reasonable doubts in favor of the insured who had no part in preparation of the contract." *Security Ins. Co. v. Owen,* 252 Ark. 720, 480 S.W. 2d 558 (1972); and *First Pyramid Life Ins. Co. v. Thornton,* 250 Ark. 727, 467 S.W. 2d 381 (1971).

The decedent, a welder, was employed as part of a crew on a construction project. On the date of the accident, a truck, equipped with an A-frame and hoist, was being used to transport steel beams from a stacked position on the ground to the construction site of a building. The beams were then swung to an overhead position, lowered, positioned, and bolted into place by other crew members. The decedent's duties, as a hookup man on this particular day, consisted of attaching a steel cable and a guide rope to a beam and guide

the beam as it was being attached to the A-frame. This prevented the beam from swinging after being attached to the boom. Another crew member would then transport the beam by the truck to the construction site. When the truck arrived the beam was maneuvered into position by the workers there and the guide rope would be disengaged by them from the beam and cast aside. The positioning of a beam at the site would take at least twenty minutes. It appears that it would take about five minutes for the truck to move from one site to the other. At the time of the accident, the operator of the truck had completed the delivery and positioning of a beam. When he was backing up the truck to return to the stacked beams, the truck hit a depression in the ground dislodging the A-frame and hoist which struck and killed appellee's decedent. The deceased was rolling up the discarded tag line or rope approximately twenty feet from the truck. He was completely unaware that the truck was moving or that he was in danger until someone shouted a warning to him which was to no avail.

In the circumstances, when we view the evidence most favorable to the appellee as we must do on appeal and strictly construe the exclusionary clause relied upon, we cannot say there is no substantial evidence to support the fact finder that the exclusionary clause does not conclusively preclude recovery of its award of benefits. In other words, the fact finder could fairly infer that the decedent was not in an act incidental to the actual operation, loading or unloading of the truck at the exact time of the fatal incident.

Affirmed.

GEORGE ROSE SMITH, FOGLEMAN and HICKMAN, JJ., dissent.

JOHN A. FOGLEMAN, Justice, dissenting. I am unable to see how the majority can possibly find any substantial evidence to support a finding that the decedent was not engaged in duties *incident* to the loading or unloading of the commercial automobile at the time of his fatal injury. The majority treats the exclusion as if it read, "This insurance does not apply to:

(a)   Bodily injury sustained in the course of his occupation by any person while engaged in the operation, loading or unloading of . . . a commercial vehicle."

It doesn't.

"Incident to" has a definite meaning and is not the least ambiguous. It is not, as the majority has taken it to be, without meaning, so as to be discarded as surplusage, as the majority has disposed of it. Incident, in the sense used in this policy, means "associated with or naturally related or attaching (new duties [incident] to increased rank)" or law: "dependent on or appertaining to another thing: directly and immediately relating to or involved in something else though not an essential part of it." Webster's 3rd New International Dictionary. There is no way that what the decedent was doing can be said not to be a duty associated, naturally related, or attached to the loading or unloading of the vehicle transporting the beams, however favorably to the decedent one may view the evidence.

He was coiling the rope, tie line, or tag line that had been thrown down after he had used it to assist in guiding the beam last loaded on the boom on the truck used to transport the beams. He was standing about 20 feet from the truck when he was struck by the boom that fell from the truck as it was backing up for the loading of another beam. The decedent's son, who was part of the crew putting the beams in place, said that his father was working around the truck, assisting with attaching beams to the boom on the truck and putting them in place. The decedent hooked a line to each beam to assist in guiding it while it was being transported and properly placed. According to decedent's son, the rope decedent was coiling would not have been attached to the truck again until his father went out and got another beam. Gary Green, the truck driver, a nephew of the decedent, said that the decedent would tie the steel into the truck and hook up the cables and tie the cable to the beams and the tag line. He said the tag line was used to keep the beam from swinging while attached to the boom on the truck. He testified that decedent had been helping load the truck for a substantial period of time, all that morning.

Viewing the evidence most favorably to the judgment or to the appellee or against the insurance company does not mean that positive, undisputed evidence should be totally disregarded.

The majority says that the fact finder could fairly infer that the decedent was not in an act incidental to the actual operation, loading or unloading of the truck at the exact time he was struck. Conjecture and speculation, however plausible, cannot supply the place of proof. *Russell* v. *St. Louis Southwestern Ry. Co.*, 113 Ark. 353, 168 S.W. 135. An inference is not a substitute for evidence. *Norfolk Coca-Cola Bottling Works* v. *Krausse*, 162 Va. 107, 173 S.E. 497 (1934). See also, *Green* v. *Wilson*, 194 Ark. 165, 105 S.W. 2d 1074. The indulgence of inferences will not supply a non-existent fact. *Ft. Smith Gas Co.* v. *Blankenship*, 193 Ark. 718, 102 S.W. 2d 75. An inference may not be forced and guesswork is not an allowable substitute. *Shelton* v. *Bruner*, 449 S.W. 2d 673 (Mo. App., 1969); *Gonzales* v. *Shoprite Foods, Inc.*, 69 N.M. 95, 364 P. 2d 352 (1961); *Sweeney* v. *Metropolitan Life Ins. Co.*, 30 Cal. App. Supp. 2d 767, 92 P. 2d 1043 (1937); *Wright* v. *Conway*, 34 Wyo. 1, 242 P. 1107 (1926); *Conreaux* v. *Industrial Comm'n.*, 354 Ill. 456, 188 N.E. 457 (1933). See also, *Missouri Pac. R. Co.* v. *Davis*, 208 Ark. 86, 186 S.W. 2d 20; *Russell* v. *St. Louis Southwestern Ry. Co.*, supra.

Liability cannot rest upon imagination, conjecture, speculation, guesswork or surmise. *Ft. Smith Gas Co.* v. *Blankenship*, supra; *Conreaux* v. *Industrial Comm'n.*, supra. We have said that a fact finder is not permitted to base a judgment upon mere speculation or conjecture, but that it must be based upon substantial testimony of essential facts or facts which would justify a reasonable inference of such essential facts; and that mere speculation cannot substitute for probative facts, after making due allowance for all reasonably possible inferences favoring the party whose case is attacked. *Missouri Pac. R. Co.* v. *Davis*, supra. See also, *Green* v. *Wilson*, supra; *St. Louis, I. M. & S. Ry. Co.* v. *Smith*, 117 Ark. 655, 174 S.W. 547; *Russell* v. *St. Louis Southwestern Ry. Co.*, supra; *Ft. Smith Gas Co.* v. *Blankenship*, supra.

An inference is a deduction which may be logically drawn by reason from facts, or a state of facts, proven, ad-

mitted or known to be true. Black's Law Dictionary, DeLuxe 4th Ed. p. 917; *Shelton* v. *Bruner,* supra; *Norfolk Coca-Cola Bottling Works* v. *Krausse,* supra; *Cincinnati, N.O. & T.P. Ry. Co.* v. *Humphrey's Adm'r.,* 281 Ky. 432, 136 S.W. 2d 537 (1940); *Thompson* v. *Ezzell,* 61 Wash. 2d 685, 379 P. 2d 983 (1963); *Gonzales* v. *Shoprite Foods, Inc.,* supra; *Stambaugh* v. *Hayes,* 44 N.M. 443, 103 P. 2d 640 (1940); *Juchert* v. *California Water Service Co.,* 16 Cal. 2d 500, 106 P. 2d 886 (1940); *United States* v. *Grow,* 394 F. 2d 182 (4 Cir., 1968), cert. den. 393 U.S. 840, 89 S. Ct. 118, 21 L. Ed. 2d 111; *State* v. *Meany,* 262 Minn. 491, 115 N.W. 2d 247 (1962); *Seavey* v. *Laughlin,* 98 Me. 517, 57 A. 796 (1904); *Simon* v. *Fine,* 167 Pa. Super. 386, 74 A. 2d 674 (1950); *Ferdinand* v. *Agricultural Ins. Co.,* 22 N.J. 482, 126 A. 2d 323, 62 ALR 2d 1179 (1956). See also, *Ft. Smith Gas Co.* v. *Blankenship,* supra; *Missouri Pac. R. Co.* v. *Shores,* 209 Ark. 539, 191 S.W. 2d 580; *Hearnsburger* v. *McGaughey,* 218 Ark. 663, 239 S.W. 2d 17. It cannot be predicated upon mere surmise or conjecture, i.e., the mere possibility that a thing may have occurred or that unproved facts exist. *Shelton* v. *Bruner,* supra; *Louisville & N.R. Co.* v. *Mann's Adm'r.,* 227 Ky. 399, 13 S.W. 2d 257 (1929); *Gonzales* v. *Shoprite Foods, Inc.,* supra; *Juchert* v. *California Water Service Co.,* supra; *Wright* v. *Conway,* supra; *State* v. *Meany,* supra; Accord, *Ft. Smith Gas Co.* v. *Blankenship,* supra. It is more than an idea or motion founded on the probability that a thing may have occurred. *Shelton* v. *Bruner,* supra; *Sweeney* v. *Metropolitan Life Ins. Co.,* supra; *Wright* v. *Conway,* supra; *Seavey* v. *Laughlin,* supra.

It is very different from supposition, which requires no premise of proven facts, and is only a conjecture based upon the possibility that a thing could have happened or an idea or notion founded on the probability that a thing may have occurred. *Miller-Brent Lumber Co.* v. *Douglas,* 167 Ala. 286, 52 S. 414 (1910); *Cincinnati, N.O. & T.P. Ry. Co.* v. *Humphrey's Adm'r.,* supra; *Clapp's Parking Station* v. *Industrial Accident Comm'n.,* 51 Cal. App. 624, 197 P. 369 (1921); *Juchert* v. *California Water Service,* supra; *State* v. *Meany,* supra. "Supposition has no legitimate support or habitation in judicial administration." *Louisville & N.R. Co.* v. *Mann's Adm'r.,* supra.

Upon what fact could it be logically and rationally deduced that the decedent's coiling the rope just previously thrown down to him after the last beam had been swung into

place, at the very time the truck was being backed toward him for the purpose of being loaded with another beam, was not incident to the loading of the truck? Viewing the evidence most favorably to appellee does not permit resort to guesswork, speculation, conjecture, surmise, imagination or supposition. It would be necessary to do so here, in order to reach the conclusion that a fact finder could "fairly infer" that decedent was not excluded from the coverage of the insurance policy.

I would reverse the judgment and remand the case for a new trial.

I am authorized to state that Mr. Justice George Rose Smith and Mr. Justice Hickman join in this opinion.