HALL, Judge.
Plaintiff brought this wrongful death action against MFA Mutual Insurance Company under the personal liability section of a homeowner’s policy issued by MFA to plaintiff and her husband. Plaintiff’s seven-year-old son was fatally injured when the Honda 90 bike (3-wheeler) he was riding with his father hit a hole in a logging road and flipped over. Plaintiff alleged the accident occurred on premises covered by the policy and was caused by her husband’s negligent operation of the vehicle. Defendant moved for summary judgment, contending that the homeowner’s policy excluded coverage for bodily injury or property damage arising out of the operation of a recreational motor vehicle owned by the insured if the injury or damage “occurs away from the residence premises.” The trial court granted the motion and plaintiff appealed.
The pleadings and the deposition of plaintiff’s husband establish the following undisputed facts. Plaintiff and her husband own six acres of land in Morehouse Parish in Section 23, Township 22 North, Range 6 East on which their home is located. The accident did not occur on plaintiff’s property, but rather, occurred about 250-300 yards from plaintiff’s property line. Plaintiff’s husband, with their son as a passenger, drove the 3-wheeler around their property then down a logging road near their property for about Vi to V2 mile. As the 3-wheeler was being driven back toward plaintiff’s property, it struck a hole and flipped over.
Plaintiff claims coverage under “Coverage E — Personal Liability”: “This Company agrees to pay on behalf of the Insured all *936 sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage, to which this insurance applies, caused by an occurrence.”
Defendant argues that exclusion 1(a)(3) applies to the accident in this case. The exclusion reads:
“This policy does not apply:
1. Under coverage E . ..:
a. to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of:
* * * *
(3) any recreational motor vehicle owned by any Insured, if the bodily injury or property damage occurs away from the residence premises; . . . . ”
The term “residence premises” is defined in the policy as “a one or two family dwelling building, appurtenant structures, grounds and private approaches thereto.” The policy does not define “private approaches” or “grounds”.
First, plaintiff argues that the accident occurred on the “grounds” of the residence premises because it occurred in Section 23, Township 22 North, Range 6 East, the location of the described premises as noted in the policy. This argument is without merit. The insurance policy obviously was not meant to cover the entirety of Section 23, the section number being included only for the purpose of identifying the general location of plaintiff’s rural home.
Second, plaintiff argues that the policy definition of recreational motor vehicle is ambiguous and should not be interpreted as including a 3-wheeler motorcycle. Recreational motor vehicle is defined as: “(1) a golf cart or snowmobile or (2) if not subject to motor vehicle registration, any other land motor vehicle designed for recreational use off public roads.” The Honda 3-wheel-er is not subject to motor vehicle registration and is designed for recreational use off of public roads. It is a “recreational motor vehicle” within the meaning and definition of that term as used in the exclusionary clause.
Third, plaintiff argues that the accident occurred on a logging road which may be construed to be a “private approach” as contained in the definition of “residence premises”.
“Private approaches thereto” is not defined in the policy. The parties have not cited any cases interpreting the provision. “Private” could mean exclusively used by the insured or it could mean private as distinguished from public. The latter definition is broader and is adopted as the correct interpretation under the rule that ambiguities in an insurance policy are construed in favor of coverage and exclusionary clauses are to be narrowly and strictly construed. The logging road is private in character.
“Approach” is defined by dictionaries as a means of access. The policy provision defines residence premises as a dwelling, appurtenant structures, grounds and “private approaches thereto." (Emphasis supplied). This phrase denotes means of access to the dwelling, appurtenant structures and grounds of the insured. It denotes an approach or access reasonably and ordinarily necessary or incidental to the use and enjoyment of the insured’s residence property.
The logging road runs from wooded land owned by Georgia-Pacific Corporation, crosses a corner of plaintiff’s property, and continues on across the property of others. It obviously exists as a means of access to other property and only incidentally crosses the rear of plaintiff’s six-acre tract. The regular approach or access, as those terms are commonly used, to plaintiff’s property is from a public road running in front of the home. The logging road was not designed as a means of access to plaintiff’s property nor is it a means of access reasonably or ordinarily necessary or incidental to the use and enjoyment of the insured’s residence. It is not a private approach thereto as contemplated by the policy.
The unfortunate accident on the recreational motor vehicle occurred away from the residence premises. Coverage is exclud *937 ed under the exclusionary clause of the policy.
The judgment of the district court is affirmed at plaintiff-appellant’s costs.
Affirmed.