COLE, Judge.
Plaintiff appeals from a summary judgment granted in defendant’s favor. This litigation arose after a Honda ATC “three-wheeler” operated by Dwayne E. Wedlock, struck and injured Renee Perrodin as she was walking down a parish road in St. Landry Parish. Renee’s father, Robert O’Quinn, filed suit individually and as tu-trix of his minor daughter, against Herbert J. Wedlock, individually and as administrator of the estate of his minor son, Dwayne. Also named as defendant was Safeco Insurance Company. Safeco denied coverage and refused to provide a defense, therefore defendant Wedlock filed a third party demand against Safeco. Safeco filed a motion for summary judgment, alleging there was no coverage for the occurrence under either the automobile or homeowner’s policy.[1] Without assigning written reasons, the trial court granted the summary judgment and dismissed the claims against Safeco. O’Quinn and Wedlock have both appealed.
The pertinent policy language reads as follows:
“EXCLUSIONS
“This policy does not apply:
“1. Under Coverage E — Personal Liability and Coverage F — Medical Payments to Others:
a. to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of:
* * * * # 5jt
(2) any motor vehicle owned or operated by, or rented or loaned to any insured; but this subdivision (2) does not apply to bodily injury or property damage occurring on the residence premises if the motor vehicle is not subject to motor vehicle registration because it is used exclusively on the residence premises or kept in dead storage on the residence premises; or
*874 (3) any recreational motor vehicle owned by any insured, if the bodily injury or property damage occurs away from the residence premises; but this subdivision (3) does not apply to golf carts while used for golfing purposes.”
The policy defined motor vehicle and recreational motor vehicle as follows:
“ ‘motor vehicle’: means a land motor vehicle, trailer or semi-trailer designed for travel on public roads (including any machinery or apparatus attached thereto) but does not include, except while being towed by or carried on a motor vehicle, any of the following: utility, boat, camp or home trailer, recreational motor vehicle, crawler or farm type tractor, farm implement or, if not subject to motor vehicle registration, any equipment which is designed for use principally off public roads.”
“ ‘recreational motor vehicle’: means (1) a golf cart or snowmobile or (2) if not subject to motor vehicle registration, any other land motor vehicle designed for recreational use off public roads.”
Safeco contends the Honda vehicle in question is a recreational motor vehicle and is therefore excluded from the policy. This issue was considered in Guice v. MFA Mut. Ins. Co., 395 So.2d 934 (La.App. 2d Cir.1981). The policy language defining recreational motor vehicle was identical to the language quoted above. The Guice court concluded the Honda three wheel vehicle was in fact a recreational vehicle and was therefore excluded.
O’Quinn and Wedlock contend Guice is distinguishable because the court held the Honda was not subject to the motor vehicle registration while the Honda in this case was so registered. A copy of a “registration certificate” is filed into evidence. This document, dated July 25, 1978, appears to be what is commonly called the “pink slip.” In the upper right hand corner where there is a space for “license number” are written the words “title only.” Dwayne and his father both testified the vehicle had no license plate nor was it required to have one. They stated they had no other documents on the vehicle.
Safeco contends the document entitled “registration certificate” is simply a title, as indicated by the words. They contend the vehicle is not “registered” with the motor vehicle division in that it has no license plate and no current registration certificate.
Safeco argues alternatively, if the vehicle is not considered a recreational vehicle because it is subject to the motor vehicle registration laws, then it would fall under the definition of motor vehicle and be excluded under that provision.
We agree with this argument. The vehicle is either designed for recreational use off public roads and is not subject to motor vehicle registration, (and is therefore a recreational motor vehicle) or it is a land motor vehicle designed for travel on public roads (and it is therefore a regular motor vehicle). It must be one or the other. In either event, coverage is excluded from the policy.
Appellant Wedlock contends the vehicle in question should be considered a “farm implement” which is not excluded either by the definition of motor vehicle or recreational motor vehicle. Appellant contends the Honda was used primarily to check fence lines and to survey farm animals. Even if we were to conclude the vehicle was used primarily for these purposes, we find no merit to the argument it should be considered a farm “implement.” By definition (Webster’s Third New International Dictionary) an implement is an article to equip, a tool or utensil forming part of equipment for work, or one that serves as an instrument or tool. A self-propelled motor vehicle cannot be so classified. It is simply not an “implement” in the usual sense of the word.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of the appeal are to be shared equally by both appellants.
AFFIRMED.

. Plaintiff and third-party plaintiff have apparently dropped the claim of coverage under the automobile policy because only the homeowner coverage is discussed in their briefs.