ARKANSAS FARM BUREAU INSURANCE
COMPANIES *v.* Lance JACKSON, et al.

CA 88-360                                   770 S.W.2d 178

Court of Appeals of Arkansas
Division I
Opinion delivered May 10, 1989

*David Hodges*, for appellant.

*Sherman & James*, for appellee.

JAMES R. COOPER, Judge. On July 4, 1986, the appellee Lance Jackson, the seven-year-old grandson of the appellee Walter Gentry, was injured when the gas-powered three-wheel vehicle Gentry had allowed him to ride went out of control, left Gentry's property, and collided with a vehicle driven by Jerry Miller. Lance Jackson, by his parents, filed a negligence suit against Gentry. The appellant insurance company filed a declaratory judgment action against Gentry alleging that there was no coverage under Gentry's homeowner's policy under the facts of the case as related by Gentry in a deposition. The trial court found Gentry had been negligent, that Lance Jackson had been injured in the amount of $25,000.00 as a result of Gentry's negligence,

and that Jackson's injuries were covered under Gentry's home-owner's policy. From that decision, comes this appeal.

For its only point for reversal, the appellant contends that the trial court erred in concluding that there was coverage under the terms of Gentry's homeowner's policy. The issue involved is one of contract rather than tort, and our jurisdiction is proper under Ark. R. Sup. Ct. 29(1).

The record shows that Gentry acquired a Tricub three-wheeled motor vehicle in 1985. Gentry completely rebuilt the vehicle, including the engine, frame, and hand brake. There was no throttle on the three-wheeler when Gentry acquired it, and the throttle mechanism in place when the accident occurred had been built by Gentry. Gentry stated in his deposition that the accident took place at a Fourth of July gathering held at his home. Gentry permitted his grandson to ride the three-wheeler after inserting a screw in the throttle mechanism to prevent the throttle from being opened completely. The grandson was injured when the mechanism failed, the throttle opened completely, and the boy was unable to control the three-wheeler, which left the property, shot into the air across a highway, and was hit by Miller's vehicle. Gentry admitted responsibility for the accident, and stated that, in his opinion, it occurred because the governing mechanism he designed and installed was defective: once the screw came out and the throttle opened wide, the mechanism prevented the boy from closing the throttle to slow the vehicle. Finally, the record shows that Gentry's grandson was not a member of Gentry's household at the time of the accident.

The homeowner's policy in question provides, in pertinent part, as follows:

## SECTION II

## PERSONAL LIABILITY PROTECTION

### PERSONAL LIABILITY — COVERAGE E

Subject to the limits of liability shown on your declaration, we will pay all sums, except punitive damages, arising out of any loss which you become legally obligated to pay as damages because of bodily injury or property damage

covered by this policy.

. . .

MEDICAL PAYMENTS TO OTHERS — COVER-AGE F

We will pay for the fair expenses because of an accident, for necessary medical [services].

. . .

Each person who sustains bodily injury is entitled to this protection when that person is:

1. on an insured premises with your permission or

2. elsewhere, if the bodily injury:

    (a) arises out of a condition in the residence premises or the adjoining ways;

    (b) is caused by the activities of you or any employee in the course of employment by you or in your care;

. . .

The appellant does not contend that the above-quoted provisions of the homeowner's policy preclude coverage of Gentry's liability for his grandson's injuries, but instead argues that the claim is excluded by the following language:

EXCLUSIONS

Unless special permission for coverage is granted by endorsement, certain types of losses are not covered by your policy. Under Personal Liability Coverage and Medical Payments to Others, we do not cover:

1. bodily injury or property damage arising out of the ownership, maintenance, or use of:

    (a) aircraft:

    (b) a motor vehicle operated by, rented or loaned to you. This exclusion does not apply to golf carts while used for golfing purposes, or motorized law (sic) mowers when used to service your

residence premises;

(c)   watercraft not located on the residence premises when owned by or rented to you, powered by one or more motors with more than 25 total horsepower.

The policy definition of motor vehicle includes a "three-wheeler, quadracycle, all-terrain cycle (ATC), all-terrain vehicle (ATV) and any similar vehicle." The words "you" and "yours" refer to the named insured, his spouse, and dependent relatives if living in the same household.

The appellant asserts that the trial court misconstrued the exclusion, adopting a construction under which the exclusion would apply only if Gentry had himself been operating the three-wheeler when the accident occurred. The appellant further argues that the clear purpose of the provision is to exclude coverage for liabilities arising out of the ownership, maintenance, or use of a motor vehicle by the insured without restricting the exclusion to cases in which the motor vehicle was operated by the homeowner. We do not agree.

■ Exclusionary clauses in insurance policies are strictly interpreted, with all reasonable doubts resolved in favor of the insured. *State Farm Mutual Automobile Ins. Co. v. Traylor*, 263 Ark. 92, 562 S.W.2d 595 (1978). Here the policy excludes coverage for injuries arising out of the ownership, maintenance, or use of certain conveyances under specified circumstances. Coverage for injuries arising out of the operation, maintenance, or use of aircraft is excluded absolutely. Coverage for injuries arising out of the ownership, maintenance, or use of certain powered watercraft is excluded when the watercraft is owned by or rented to the insured, and the watercraft is not located on the residence premises. Coverage for injuries arising out of the operation, maintenance, or use of motor vehicles is excluded when that motor vehicle is operated by, rented, or loaned to the insured.

■ We think it significant that the drafter of the policy specifically mentioned ownership as a circumstance excluding coverage with respect to watercraft, but omitted ownership from the circumstances excluding coverage for motor vehicles. Although the three-wheeler involved in the accident falls under the

definition of "motor vehicle" and is therefore in the category of conveyances covered by the exclusion, the circumstances under which the policy excludes coverage for injuries arising out of the ownership, maintenance, or use of a motor vehicle do not exist: the record clearly shows that the three-wheeler was not being "operated by, rented or loaned" to Gentry when the loss occurred. The cases cited by the appellant involve the policy language which differs from the terms of the policy in the present case and are not on point. *See Aetna Casualty & Surety Co.* v. *American Manufacturers Mutual Ins. Co.*, 261 Ark. 326, 547 S.W.2d 757 (1977) (excluded coverage for ownership, maintenance, or use of recreational vehicle owned by the insured where the injury occurred off the residence premises; exclusion applied where accident, arising out of the use of the vehicle, occurred off-premises); *O'Quinn* v. *Wedlock*, 428 So.2d 873 (La. Ct. App. 1983) (excluded coverage where the vehicle was owned or operated by, rented, or loaned to the insured; exclusion applied where the vehicle was owned by the insured). We hold that the trial court correctly concluded that the loss in this case was covered by Gentry's homeowner's policy, and we affirm.

Affirmed.

CORBIN, C.J., and CRACRAFT, J., agree.